IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| EDWARD J. GOLDSMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: 2:18-cv-487-SMD |
| | ) |
| ANDREW SAUL,[1] | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Edward J. Goldsmith seeks judicial review of the Commissioner of Social Security's final decision denying his applications for disability insurance benefits ("DIB") under Title II of the Social Security Act (the "Act") and for supplemental security income benefits ("SSI") under Title XVI of the Act. Goldsmith filed his DIB and SSI applications on January 7, 2015, alleging a disability onset date of December 31, 2014. (R. 10). The applications were denied at the initial administrative level, after which Goldsmith requested and received a hearing before an Administrative Law Judge ("ALJ"). (R. 10). On May 1, 2017, the ALJ issued an unfavorable decision, (R. 19), and the Appeals Council denied Goldsmith's request for review of that decision on March 7, 2018, (R. 1-4). The ALJ's decision consequently became the Commissioner's final decision. *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). This court has jurisdiction over Goldsmith's action pursuant to 42 U.S.C. § 405(g) and 1383(c)(3). Pursuant to 28 U.S.C. §

---

[1] Andrew Saul is now the Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Andrew Saul should be substituted for Acting Commissioner Nancy A. Berryhill as the defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

1

636(c), both parties have consented to the conduct of all proceedings and entry of a final judgment by the undersigned United States Magistrate Judge.

Goldsmith argues that the ALJ erred by finding the impairment of history of cerebrovascular accident ("CVA") to not be a severe impairment. *See generally* (Doc. 13).

The undersigned has considered the parties' briefs and all of the evidence in the administrative record. For the reasons set forth below, the Commissioner's final decision is AFFIRMED.

## DISABILITY ANALYSIS FRAMEWORK

To establish disability within the meaning of the Act, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner has established a five-step sequential process for determining whether a claimant has made the required demonstration. *See Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); *see also* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). At the first four steps of the process, the burden of proof is on the claimant; only at the fifth and final step does the burden of proof shift to the Commissioner. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-1239 (11th Cir. 2004).

At the first step, an Administrative Law Judge considers the claimant's work activity, if any. *See Bowen*, 482 U.S. at 140; *see also* 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the ALJ finds that the claimant is engaged in substantial gainful activity, the claimant will be found not disabled. *See Bowen*, 482 U.S. at 140; *see also* 20 C.F.R. §§ 404.1520(a)(4)(i), 404.1520(b), 416.920(a)(4)(i), 416.920(b). Otherwise, the evaluation will proceed to the second step.

At the second step, the ALJ considers the medical severity of the claimant's impairments.

*See Bowen*, 482 U.S. at 140-141; *see also* 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment is "severe" if it significantly limits the claimant's ability to perform basic work activities and is expected to persist for a period of twelve months or longer. *See Bowen*, 482 U.S. at 141; *see also* 20 C.F.R. §§ 404.1520(c), 416.920(c). The ability to perform basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1521(b), 416.921(b); *see also Bowen*, 482 U.S. at 141. If the ALJ finds that the claimant's impairments are not severe or do not meet the duration requirement, the claimant will be found not disabled. *See Bowen*, 482 U.S. at 141; *see also* 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1520(c), 416.920(a)(4)(ii), 416.920(c). An impairment or combination of impairments can be found not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work. S.S.R. 85-28 (S.S.A. 1985).

If the claimant's impairments are severe, the evaluation will proceed to the third step, at which the ALJ determines whether the claimant's impairments meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Bowen*, 482 U.S. at 141; *see also* 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), and 416.920(d). If the claimant's impairments are equivalent to one of the impairments enumerated in 20 C.F.R. § 404, subpt. P, app. 1, the claimant will conclusively be found disabled. *See Bowen*, 482 U.S. at 141; *see also* 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d).

If the claimant's impairments are not equivalent to one of the enumerated impairments, between the third and the fourth steps the ALJ is required to assess the claimant's residual functional capacity ("RFC"), based on all the relevant medical and other evidence in the claimant's case record. *See* 20 C.F.R. §§ 404.1520(e), 416.920(e). The RFC is an estimate of the claimant's

capacity to perform sustained, work-related physical and/or mental activities on a regular and continuing basis,[2] despite the limitations imposed by the claimant's impairments. *See* 20 C.F.R. §§ 404.1545(a), 416.945(a); *see also* S.S.R. No. 96-8p (S.S.A. July 2, 1996).

At the fourth step of the evaluation process, the ALJ considers the RFC in relation to the claimant's past relevant work. *See Bowen*, 482 U.S. at 141; *see also* 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If, in light of the claimant's RFC, the ALJ determines that the claimant can still perform his or her past relevant work, the claimant will be found not disabled. *See Bowen*, 482 U.S. at 141; *see also* 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f), 416.920(a)(4)(iv), 416.920(f). In the event the claimant is no longer capable of performing his or her past relevant work, the evaluation will proceed to the fifth and final step, at which the burden of proof shifts, for the first time, to the Commissioner.

At the fifth step of the evaluation process, the ALJ considers the RFC in relation to the claimant's age, education, and work experience to determine whether a person with those characteristics and RFC could perform any jobs that exist in significant numbers in the national economy. *See Bowen*, 482 U.S. at 142; *see also* 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g), 404.1560(c), 404.1566, 416.920(a)(4)(v), 416.920(g), 416.960(c), 416.966. If the Commissioner meets his burden to demonstrate the existence in significant numbers in the national economy of jobs capable of being performed by a person with the RFC assessed by the ALJ between the third and fourth steps of the five-step process, the claimant is found not to be disabled. *See Bowen*, 482 U.S. at 142; *see also* 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g), 404.1560(c), 404.1566, 416.920(a)(4)(v), 416.920(g), 416.960(c), 416.966. A claimant will be found entitled to benefits

---

[2] "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." S.S.R. No. 96-8p (S.S.A. July 2, 1996).

if the Commissioner fails to meet that burden at the fifth step. *See Bowen*, 482 U.S. at 142; *see also* 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g), 416.920(a)(4)(v), 416.920(g).

## LEGAL STANDARD

The Court's review of the Commissioner's decision is limited. The Court's sole function is to determine whether the ALJ's opinion is supported by substantial evidence, and whether the proper legal standards were applied. *See Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Accordingly, a reviewing court must affirm an ALJ's decision if the ALJ applied the proper legal standards and his or her findings are supported by substantial evidence in the record. *See* 42 U.S.C. § 405(g); *see also Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997), *citing Richardson v. Perales*, 402 U.S. 389 (1971).

The Court must review the record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *See Foote*, 67 F.3d at 1560, *citing Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The court "may not decide facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]," but rather "must defer to the Commissioner's decision if it is supported by substantial evidence." *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1997), *quoting Bloodsworth*, 703 F.2d at 1239. The Court will also reverse the Commissioner's decision on plenary review if the decision applies incorrect law, or if the decision fails to provide the district court with sufficient reasoning to determine that the Commissioner properly applied the law. *See Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994), *citing Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir.

1991). There is no presumption, however, that the Commissioner's conclusions of law are accurate. *See id.*; *see also Brown v. Sullivan*, 921 F.2d 1233, 1236 (11th Cir. 1991).

## THE CLAIMANT

Goldsmith was born on February 2, 1971. (R. 18). Goldsmith has a high school diploma, and Goldsmith has worked as an electrician. (R. 17, 18).

## ADMINISTRATIVE PROCEEDINGS[3]

After the administrative hearing, the Administrative Law Judge determined that Goldsmith met the insured status requirements of the Act through March 31, 2017. (R. 12). At the first step of the five-step sequential process, the ALJ found that Goldsmith had not engaged in substantial gainful activity since his alleged disability onset date of December 31, 2014. (R. 12). Goldsmith does not challenge that finding.

At the second step, the ALJ found that Goldsmith suffered from the severe impairments of noninsulin dependent diabetes mellitus and foreign bodies in his left foot. (R. 12). The ALJ considered Goldsmith's hypertension, his history of a CVA without sequelae,[4] and his history of substance addiction, but found them to be non-severe impairments. (R. 12). Goldsmith now challenges whether the ALJ erred by finding his history of CVA not to be a severe impairment. (Doc. 13).

At the third step of the process, the ALJ found that Goldsmith's impairments—including his history of CVA—were not equivalent to any of the impairments enumerated in 20 C.F.R. § 404, subpt. P, app. 1. (R. 13).

The ALJ set forth Goldsmith's RFC as follows:

---

[3] The following recitation constitutes the undersigned's summary of evidence contained within the Administrative Record and does not reflect any independent finding of fact by the court.
[4] "Sequalae" or "sequela" is defined as a morbid condition following or occurring as a consequence of another condition or event. *See* https://medical-dictionary.thefreedictionary.com/sequelae (Last visited Jan. 24, 2020).

6

> [Goldsmith] has the residual functional capacity to perform light work . . . except he can do sitting for a total of 6 hours, 2 hours without interruption; he can do standing/walking for a total of 6 hours in combination, and for 1 to 2 hours without interruption; he can lift and carry push/pull frequently up to 10 pounds and occasionally up to 20 pounds; he can occasionally use his feet for the operation of foot controls; due to history of stroke, he has restrictions to no ladders, ropes or scaffolds, no unprotected heights, no exposure to moving or hazardous machinery, and no driving of commercial motorized vehicles; he can do frequent bending, stooping, crawling, crouching, kneeling and balancing, and the climbing of stairs; he can learn and remember simple work routines and instructions. He is assessed with mild to moderate pain that does not cause abandonment of task or of the work station; here mild and moderate are terms or conditions that are specifically defined as not preventing the satisfactory completion of work. However, due to pain issues, and any lingering mental issues that may relate to his history of alcohol abuse, and as the same may affect his concentration, persistence and pace, I find that he is limited to simple, unskilled, repetitive, and routine work, in jobs that require little independent judgment, with only routine changes, no multiple or rapid changes.

(R. 13).

The ALJ then determined that Goldsmith was unable to perform his past relevant work. (R. 17). At the fifth step, based upon the testimony of the vocational expert, the ALJ found in light of Goldsmith's age (43 at the time the hearing occurred), education, work experience, and RFC that there were jobs existing in significant numbers in the national and local economy that he could perform. (R. 18). Specifically, the ALJ found in partial reliance on the testimonial opinion of a vocational expert that Goldsmith could perform the requirements of representative unskilled occupations such as an electronica worker, as an assembler, electrical accessories, and as a hand packager. (R. 18). On that basis, the ALJ concluded that Goldsmith was not disabled as defined in the Act at any time between December 31, 2014, and May 1, 2017, (the date of the Commissioner's final decision). (R. 19).

## ANALYSIS

If the ALJ erred by finding the impairment of history of CVA to not be a severe impairment, the error was harmless. Goldsmith argues that the Administrative Law Judge erred by finding the

impairment of history of CVA to not be a severe impairment. (Doc. 13). Step two requires a finding of a severe impairment in order to continue in the sequential process, but nothing more. *See Heatly v. Comm'r of Soc. Sec.*, 382 F. App'x. 823, 824-25 (11th Cir. 2010) ("the ALJ concluded that [plaintiff] had a severe impairment: and that finding is all that step two requires."). "Nothing requires that the ALJ must identify, at step two, all of the impairments that should be considered severe." *Id.* at 825. "Instead, at step three, the ALJ is required to demonstrate that it has considered all of the claimant's impairments, whether severe or not, in combination." *Id.* (citing *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984)). If an ALJ finds that the plaintiff has a severe impairment, any error in not finding other impairments to be severe is harmless. *See Heatly*, 382 F. App'x. at 824.

Here, the ALJ found that Goldsmith suffered from the severe impairments of noninsulin dependent diabetes mellitus and foreign bodies in his left foot. (R. 12). Even if the ALJ erred in finding that a history of CVA was not a severe impairment, "the error was harmless because the ALJ concluded that [the plaintiff] had a severe impairment: and that finding is all that step two requires." *Heatly*, 382 F. App'x. at 824-25 (citing *Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1991)). At step three, the ALJ considered Goldsmith's history of CVA along with all of Goldsmith's other impairments, severe or not, in combination. (R. 13). The ALJ recognized that two medical experts, whom the ALJ afforded great weight, noted that the record contained no evidence of residual mental or physical effects from Goldsmith's history of CVA. (R. 15). Additionally, the ALJ intentionally restricted Goldsmith's RFC to no ladders, ropes, or scaffolds, no unprotected heights, no exposure to moving or hazardous machinery, and no driving of commercial motorized vehicles because of Goldsmith's history of CVA. (R. 13). Because the ALJ found that Goldsmith had a severe impairment and considered all severe and non-severe

impairments in determining whether Goldsmith met or equaled the listed impairments and in assessing Goldsmith's RFC, any alleged error by the ALJ was harmless.

## CONCLUSION

For the reasons set forth above, the Commissioner's final decision denying Goldsmith's applications for disability insurance benefits and for supplemental security income benefits is AFFIRMED. A final judgment will issue.

DONE this 12th day of March, 2020.

/s/ Stephen M. Doyle
UNITED STATES MAGISTRATE JUDGE